UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES WILBUR MEADOWS, III,

    Petitioner,　　　　　　　　　　　　　Case Number 1:17-12569

    　　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington

v.

BONITA J. HOFFNER,

    Respondent.
_____/

### OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner, Charles Wilbur Meadows, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, through his attorney Craig A. Daly. Because the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

**I.**

Petitioner was convicted by a jury in the Oakland County Circuit Court of first-degree murder and sentenced to a mandatory nonparolable life sentence. The Michigan Court of Appeals ruled on the petitioner's appeal of right that the state had failed to introduce sufficient evidence of premeditation and deliberation to support a first-degree murder conviction and remanded the matter to the Oakland County Circuit Court for entry of a judgment to the lesser offense of second-degree murder. On February 17, 1978, Petitioner was re-sentenced to a parolable life sentence consistent with the new judgment.

Petitioner has filed habeas petitions on at least three occasions. Although the first two petitions were dismissed because Petitioner failed to exhaust his state court remedies, *see Meadows v. Redman,* No. 83-cv-72664-DT (E.D. Mich. 1985), *Meadows v. Jones,* No. 87-cv-74386 (E.D. Mich. 1988), the final petition was denied on the merits. *Meadows v. Pitcher,* No. 90-cv-72103-DT (E.D. Mich. 1991); *aff'd* 959 F. 2d 235 (6th Cir. 1992) (table); *cert den.* 506 U.S. 1004 (1992).[1] Petitioner has since been denied permission twice by the Sixth Circuit to file a successive habeas petition. *In Re Meadows,* No. 00-1005 (6th Cir. May 11, 2000); *In Re Meadows,* No. 00-1563 (6th Cir. Nov. 2, 2000).

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that his rights were violated because the trial judge at the time of his re-sentencing on the second-degree murder charge failed to advise Petitioner that he could file an appeal of right from his re-sentencing and that appellate counsel was ineffective for failing to advise Petitioner that he could seek appellate relief from his re-sentencing. Petitioner seeks to have his appeal of right reinstated.

**II.**

Petitioner already has filed three prior petitions for a writ of habeas corpus challenging his convictions and sentence. An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the

---

[1] The Court obtained some of the information concerning the disposition of Petitioner's three habeas petitions from the Sixth Circuit's opinion affirming the denial of his third petition.

district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The fact that Petitioner filed his habeas petition under 28 U.S.C. § 2241 and not under 28 U.S.C. § 2254 does not permit Petitioner to circumvent the limitations on the filing of successive habeas petitions found in 28 U.S.C. § 2244 (b)(3)(A). Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). 28 U.S.C.§ 2254 is more specific and confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions ...support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various

restrictions imposed by the AEDPA for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006) (emphasis original). The provisions of 28 U.S.C. § 2244(b) which govern the filing of successive petitions by state prisoners under § 2254 thus apply equally to habeas petitions filed under 28 U.S.C. § 2241 by a person who is in custody pursuant to a state court judgment. *Id.,* at 336-37; *See also Long v. Commonwealth of Kentucky,* 80 F. App'x. 410, 414 (6th Cir. 2003); *Byrd v. Bagley,* 37 F. App'x. 94, 95 (6th Cir. 2002).

Petitioner's argument that § 2241 is the appropriate remedy because he only challenges the execution of his sentence and not his conviction is not well taken. Petitioner is seeking to reinstate his appeal of right in the state courts. As such, the only appropriate statute for him to bring his habeas petition under would be § 2254 and not § 2241. *See e.g. Washington v. Sobina,* 509 F. 3d 613, 618, n. 5 (3rd Cir. 2007) (state prison inmate seeking federal habeas relief on ground that his due process speedy-appeal rights had been infringed by state courts was required to bring his habeas challenge under § 2254 and not § 2241); *Gorbey v. Warden of the Federal Transfer Center*, 588 F. App'x. 805, 811 (10th Cir. 2014) ("Since [petitioner's] claim of ineffective assistance of appellate counsel is clearly an attack on his convictions and sentence entered by the D.C. trial court, it must be brought under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241."). Petitioner must therefore seek authorization from the Sixth Circuit under § 2244 (b) before filing this petition, even though he facially filed it pursuant to 28 U.S.C.§ 2241. *Rittenberry*, 468 F.3d at 338.

Petitioner cannot proceed with the issues raised in the present petition without first obtaining permission to file a second or successive habeas petition from the court of appeals. Accordingly, the Clerk of Court will be ordered to transfer the habeas petition to the United

States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus, ECF No. 1, and the related motion for bond, ECF No. 2, are **DENIED without prejudice** for lack of jurisdiction.

It is further **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: August 14, 2017            s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 14, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager